**Ali Jawad JABER, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4321, A73–776–598.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

David K. Wenger, Detroit, MI, for Petitioner.

Marion E. Guyton, Richard M. Evans, U.S. Department of Justice, Washington, DC, for Respondents.

Before SILER, COLE, and ROGERS, Circuit Judges.

## ORDER

Ali Jawad Jaber is a native and citizen of Lebanon, who entered the United States without authorization in 1998. He conceded removability and applied for asylum, the withholding of removal, and relief under the Convention Against Torture. Jaber alleged that he was persecuted by Syrian militia members in Lebanon and that he feared future persecution because of a false rumor that he had cooperated with the Israelis. An immigration judge ("IJ") denied his applications for relief, and the Board of Immigration Appeals ("BIA") summarily affirmed that decision.

Jaber now petitions for judicial review of the BIA's order. Our review is focused on the IJ's decision because it was affirmed by the BIA without a reasoned opinion. *See Denko v. INS,* 351 F.3d 717, 723 (6th Cir.2003). The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

■ Jaber argues that the BIA violated his right to due process by affirming the IJ's decision without making a reasoned analysis of his claims. However, our court recently upheld the BIA's streamlined appeals process against similar due process challenges. *Denko,* 351 F.3d at 727–30 & n. 10. Therefore, Jaber's due process claims are unavailing.

Jaber argues that the BIA did not follow the regulatory criteria for applying the streamlined process. *See generally* 8 C.F.R. § 1003.1(a)(7) (2003). The government argues that the BIA's decision involves a matter of administrative discretion that is not subject to judicial review. We need not reach that issue because judicial review of Jaber's case was not compromised by the disputed procedure. *See Denko,* 351 F.3d at 732. In this regard, we note that a direct review of the IJ's decision does not reveal any grounds that would preclude a steamlined administrative appeal. Jaber's conclusory arguments to the contrary are unavailing. *See id.* at 728–29.

■ Jaber's brief does not contain any clear challenge to the IJ's denial of his claim under the Convention Against Torture. Hence, he has abandoned that claim for purposes of judicial review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

To obtain asylum, Jaber must show that he is a refugee and that his application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). A refugee is defined as an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution based on his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Relief should not be granted unless the evidence is so com-pelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001).

Jaber now describes the factual basis of his claim as follows:

The Petitioner's troubles began after his family denied a Syrian soldier's request for a cousin's hand in marriage. A short time later, the Petitioner was involved in a physical fight with the spurned suitor when the Petitioner discovered him following his female cousin.

Following this event, the Petitioner became a target for members of the Syrian militia, and in particular, the cousin's soldier suitor. The Petitioner was followed by Syrian authorities, but was left unharmed for a time because he was serving in the [Lebanese] Army and was wearing his uniform. After leaving the Army, he was shot at by his cousin's suitor, and in self defense, returned fire. After this incident, he became an enemy of the Syrian intelligence. . . .

■ The IJ found that Jaber was not a credible witness, citing several inconsistencies between his written application and testimony that went to issues that were central to the merits of his asylum claim. We must uphold the IJ's credibility finding unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Jaber argues that the IJ's finding was improperly based on a lack of corroborating evidence, as there was not enough time to translate several letters from his family members into English. This argument fails because the IJ properly noted the absence of corroborating evidence only after the inconsistencies in Jaber's application and testimony had placed his credibility in doubt. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–45 (9th Cir.2001). Therefore, sub-

stantial evidence supports the IJ's credibility finding. *See* 8 U.S.C. § 1252(b)(4)(B). In light of that finding, Jaber has not presented compelling evidence to support his asylum claim. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Chebchoub,* 257 F.3d at 1045.

In addition, the IJ found that Jaber would not have a persuasive claim, even if his testimony were credible, as the alleged persecution was not based on one of the specific grounds that are enumerated in 8 U.S.C. § 1101(a)(42)(A). The IJ also noted that Jaber could resettle in a part of Lebanon that was not controlled by the Syrian militia. This finding was consistent with a State Department report, which indicates that the Lebanese Army still controls part of Lebanon and that Jaber could safely resettle in a portion of Lebanon that is controlled by Israel. Thus, the evidence does not compel a finding that Jaber is a refugee because it does not show that he has a well-founded fear of persecution. *See Koliada,* 259 F.3d at 487–88. As Jaber has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See id.* at 489.

Accordingly, the petition for judicial review is denied.